## Porter et al. v. Davis et al.

Oct. 19, 1943.

Wm. R. McCoy and Earle Cassady for appellants.

Jasper H. Preece for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Lizzie Davis, widow of Sam Davis, and her four children, brought this action against Harrison Porter to quiet their title to 60 acres of land which they alleged Sam Davis owned at the time of his death. Porter's wife and two sons were made defendants in an amended petition. Harrison Porter was a nephew of Sam Davis, and in his answer he alleged that he was the owner of the tract of land claimed by the plaintiffs by virtue of a parol gift by his uncle and adverse possession for more than 15 years. The circuit court adjudged the plaintiffs to be the owners of the land, and the defendants have appealed.

James Davis, father of Sam Davis and grandfather of Harrison Porter, died testate in 1893, leaving his real estate to his five sons, Sam, Marion, Ulysses, William S., and Jeff Davis, subject to a life estate in their mother. Sam Davis and Jeff Davis were unmarried and continued to live at the Davis home with their mother, Lina Davis, who died sometime prior to 1908. Harrison Porter, the son of a daughter of James and Lina Davis, went to his grandmother's home to live when quite young, and continued to live with his unmarried uncles after the death of his grandmother. After the death of Lina Davis the lands of James Davis were divided among his five sons, and on February 22, 1907, the share of Sam Davis, described as containing 60 acres more or less, was conveyed to him by his brothers. Jeff Davis was given as his share of his father's estate what is referred to in the record as the "home place," where he and Sam Davis lived. Jeff Davis died in May, 1908. He devised his share of his father's estate to his brother, Sam Davis. Harrison Porter married in August, 1908, and at once moved onto the 60-acre tract owned by his uncle, Sam Davis, and lived there continuously until this suit was instituted. This is the tract in controversy. Sam Davis married in September, 1914, and died intestate in December, 1935, leaving surviving him his widow and four children, who brought this action March 10, 1938. During the pendency of the action the tract of land conveyed to Sam Davis by his brothers in 1907 was surveyed and found to contain 87 acres. Harrison Porter claims only that portion of the tract which had been fenced at the time this action was instituted, and his survey of the fenced portion of the land shows that it contains 49.3 acres.

Appellants cite and rely on Elam v. Alexander, 174 Ky. 39, 191 S. W. 666, and other like cases, which announce the rule that where one enters upon and takes possession of land which he has received by parol gift and continues in actual possession thereof to a well-defined, marked boundary, claiming it adversely to the former owner and all others for the statutory period of limitation, his title to the land will be perfected by such possession. The flaw in appellants' contention is that the evidence fails to bring them within the rule. There is some incompetent testimony of Harrison Porter to the effect that Sam Davis agreed to give him the tract of land and put him in possession of it under the parol gift. The incompetent testimony was objected to, but we fail

to find that the court ruled on the objections. Even if this testimony is considered, the preponderance of the evidence shows that no gift was made and that Harrison Porter never claimed the land as his own prior to his uncle's death. Two significant facts are admitted by him. First, he never listed the land for taxation and never paid any taxes. On the other hand, he knew that his uncle paid the taxes until his death in 1935, and that the land had been assessed in the names of the appellees and the taxes paid by them after the death of Sam Davis. Second, he knew that an oil and gas lease on the land had been executed; that producing gas wells had been drilled; and that the royalties had been paid over a long period of years to Sam Davis and after his death to the appellees. Aside from this, there was proof that neighbors rented from Sam Davis portions of the land from time to time for pasturage purposes and paid rent to Davis. There was proof also that Harrison Porter cut ties on the land in 1928 and 1934 and paid his uncle at the rate of 10c a tie. Others testified that they cut timber on the land and paid Sam Davis for it. There is some conflict in the evidence, but the evidence in support of the chancellor's judgment preponderates.

The judgment is affirmed.